BERG v. GRIFFITH et al.

(Supreme Court, Appellate Division, First Department. December 20, 1912.)

1. PLEADING (§ 324*)—BILL OF PARTICULARS—SUFFICIENCY. .

In an architect's action for services, wherein defendant counterclaimed for failure to perform the contract, the court ordered defendant to furnish a bill of particulars, stating in what respect the plans and specifications provided by plaintiff were wrong and faulty in their design, as alleged in the answer. The bill set forth that the windows on the first and second floors projected nearly a foot over the street line, that the plans did not properly provide for the placing of fire escapes and iron shutters on the windows, for leaving the entrance to the basement, placing the beams in the street floor, that the beams were not of proper dimensions, and had to be altered, that the plans did not properly provide for the placing of the fire line pipe, electric fixtures, and girders in the basement, or for the main entrance on the ground floor, for the high pressure line pipe and electric light line under the main entrance, the Edison feed and switch box where it entered the building or entrance to the elevator, and also specified other defects. *Held* a substantial compliance with the order.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–983, 985; Dec. Dig. § 324.*]

2. PLEADING (§ 324*)—BILL OF PARTICULARS—SUFFICIENCY.

An order required a defendant to furnish a bill of particulars of the names and addresses of tenants who were ready, able, and willing to rent the whole or any portion of a building during a specified period, and the rentals they were willing to pay. The bill stated that, in addition to one tenant named, and who was excepted by the order, a party whose name defendant was unable to give, but who was engaged in a specified business, was willing and anxious to take the stores on the southerly half of the building at a specified rent. *Held*, that this was a substantial compliance with the order.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–983, 985; Dec. Dig. § 324.*]

3. PLEADING (§ 324*)—BILL OF PARTICULARS—SUFFICIENCY.

In an architect's action, an order for a bill of particulars of defendant's counterclaim required defendant to state what changes were made in the fire line pipe in the basement. The bill stated that, if the fire line pipe had been placed as required by the plans and specifications furnished by plaintiff, it would have passed through the flue of the boil-

er, and it had to be lengthened to obviate this. *Held*, that this was a substantial compliance with the order.

[Ed. Note.—For other cases, see Pleading, ·Cent. Dig. §§ 980–983, 985; Dec. Dig. § 324.*]

4. PLEADING (§ 324*)—BILL OF PARTICULARS—SUFFICIENCY.

In an architect's action for professional services, an order for a bill of particulars of defendant's counterclaim required defendant to state in what respect the elevator pit would have to be reconstructed and adjusted to conform to the requirements of the building department. The bill stated that the trim around the vestibule was improperly constructed, and would have to be extended down, and the marble around the vestibule taken out and altered, and that this would require the lowering of the pit of the elevator. *Held*, that this was a substantial compliance with the order.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–983, 985; Dec. Dig. § 324.*]

5. PLEADING (§ 324*)—BILL OF PARTICULARS—SUFFICIENCY.

In an architect's action for professional services, an order for a bill of particulars of defendant's counterclaim required defendant to state the amount he was obliged to pay because asbestos cell coverings for the steam pipes were not included in the steam-fitting contract made for him by plaintiff, stating that a statement of the difference between the cost of the coverings, if included in the contract, and the amount actually paid, was required. The bill stated the amount paid by defendant for the coverings and to whom it was paid. *Held*, that this was sufficient, as manifestly defendant could not state what the cost would have been if the coverings had been included in the contract.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–983, 985; Dec. Dig. § 324.*]

6. PLEADING (§ 324*)—BILL OF PARTICULARS—SUFFICIENCY.

In an architect's action for professional services, an order for a bill of particulars of defendant's counterclaim required defendant to state · in what respects the water line from· the basement to the supply tanks was improperly placed, and what changes were made therein before water could be obtained on the top floor. The bill stated that the water line was so constructed that water would only rise to the height of the city pressure, which varied greatly at different times, and that the tank on top of the building was pumped full, with an overflow so arranged as to keep the water running in the sewer when the city pressure was high, and that changes were required to remedy these defects. *Held*, that this sufficiently stated the respects in which the water line was improperly placed, and, while it did not state the changes made, it was sufficient, since an architect should know the changes required, and to require a literal compliance with the order would be too technical.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–983, 985; Dec. Dig. § 324.*]

Appeal from Special Term, New York County.

Action by Charles I. Berg against Charles G. Griffith and others. From an order precluding the defendant named from giving evidence with respect to certain matters concerning which he was required to give a second further bill of particulars, he appeals. Modified.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Geo. L. Lewis, of New York City, for appellant.
Howard Hasbrouck, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. This is an action by an architect to recover for professional services under an agreement by which he was to prepare plans, order the work, and supervise certain changes and alterations in a building owned by the defendants, situate at the southeast corner of Broadway and Fifty-Fourth street, in the borough of Manhattan, and to receive as compensation 7 per cent. of the total cost thereof. The defendants pleaded four counterclaims for damages on account of the failure of the plaintiff to properly perform his contract. The plaintiff demanded a bill of particulars of the counterclaim, and pursuant thereto the appellant served what purported to be a bill of particulars; the defendant Scott having died in the meantime.

The plaintiff, being dissatisfied therewith, applied to the court, and the appellant was duly required to make and serve a further bill of particulars. Pursuant to this order, he served another bill of particulars, which the plaintiff did not consider complied with the order; and he thereupon duly applied to the court, and the appellant was required to make and serve a second further bill of particulars. He acquiesced in this order and attempted to comply therewith; but the plaintiff, being dissatisfied with the last bill of particulars, duly applied to the court for an order precluding the appellant from giving evidence with respect to the matters concerning which he claimed the appellant had not complied with the order, and thereupon the order from which the appeal is taken was made.

[1] Subdivision 2 of the order required the appellant to state in what respect the plans and specifications provided by the plaintiff were wrong and faulty in their design, as alleged in the answer. With respect to this requirement of the order, it is set forth in the last bill of particulars that the plans and specifications were found to be wrong and faulty in their design, in that the windows on the first and second floors of said building projected nearly a foot over the street line, and in that they did not properly provide for the placing of "fire escapes," or for the placing of iron shutters on the windows, or for leaving the entrance from Broadway to the basement, or for placing the beams "in the street floor," and in that said beams were not of proper dimensions and had to be altered, and in that they did not properly provide for the placing of the fire line pipe, electric fixtures, and girders in the basement, or for the main entrance on the ground floor, or the high pressure line pipe and electric light line under the main entrance, and the Edison feed and switch box where it enters the building, or the entrance to the elevator; and the bill of particulars specifies in like manner various other defects in the plans and specifications. It is quite clear that this was a substantial compliance with the order.

[2] Subdivision 4 of the order required the names and addresses of tenants, other than a particular tenant named, who were ready, able, and willing to rent the whole or any portion of the building during the period therein specified, and the rentals they were willing to pay therefor. The bill of particulars specifies the portion of the building that the tenant named, and excepted from the operation

of the order, was willing to rent, and the rental it was willing to pay, and adds:

"There was another party whose name the defendant Griffith is unable at present to give, who is engaged in selling automobiles, who was willing and anxious to take the stores on the southerly half of said building, and was willing to pay therefor the sum of $9,500."

We are of opinion that this should be regarded as a substantial compliance with the order.

[3, 4] Subdivision 7 of the order required a statement of the changes made in the fire line pipe in the basement, other than making it come out on Broadway, instead of on Fifty-Fourth street; and subdivision 9 of the order required that the bill of particulars state in what respect the elevator pit will have to be reconstructed and adjusted to conform to the requirements of the building department. The bill of particulars sets forth with respect to subdivision 7 of the order that, if the fire line pipe had been placed as required by the plans and specifications, it would have passed through the flue of the boiler, and it had to be lengthened to obviate this; and with respect to subdivision 9 that the trim around the vestibule is improperly constructed and will have to be extended down, and the marble around the vestibule will have to be taken out and altered, and that this will require the lowering of the pit of the elevator. This also should be regarded as a substantial compliance with the order.

[5] Subdivision 14 of the order required a statement of the amount which the defendants were obliged to pay because asbestos cell coverings for the steam pipes were not included in the steam fitting contract, specifying that this required a statement of the difference between the cost of the asbestos cell coverings, if the same had been included in the steam-fitting contract, which the plaintiff evidently made in behalf of the defendants, and the amount actually disbursed therefor by the defendants. In answer to this requirement, the appellant states the amount paid by the defendants for asbestos cell coverings for the steam-pipe line, and to whom it was paid. The complaint of the defendants with respect to this item is that the plaintiff neglected to provide for this work, and that they were obliged to have it done. It is manifest that the appellant cannot state what would have been the cost of this item, had it been included in the contract which the plaintiff made for the defendants, and, therefore, all that it is possible for him to do is what he has done, namely, to state the cost to the defendants.

[6] Subdivision 15 of the order further required the appellant to state "in what respects the water line from the basement of said building to the supply tanks was improperly placed, and what changes were made therein before water could be obtained on the top floor." He states in answer to this requirement that the water line from the basement to the supply tank was so constructed that water would only rise to the height of the city pressure, which varied greatly at different times, and that the tank on top of the building was pumped full, with an overflow so arranged as to keep the water running in the sewer when the city pressure was high, and that changes were re-

quired to remedy these defects. This sufficiently states the respects in which the water line from the basement was improperly placed, but it does not state the changes that were made. With the defects thus pointed out, an architect should know the changes that would be required, and it would be rather technical to require a literal compliance with the order in this respect.

We are of opinion that the appellant did not comply with the other requirements of the order for a bill of particulars.

It follows that the order appealed from should be modified, by denying the motion with respect to subdivisions 2, 4, 7, 9, 14, and 15 of the order, and, as so modified, affirmed, without costs. All concur.